# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| **V.** | \* | **Cr. No. MJM-21-120** |
| **XAVIER JONES** | \* | |
| **Defendant** | \* | |
| **For: XAVIER JONES** | \* | |

## EMERGENCY MOTION FOR IMMEDIATE MEDICAL TREATMENT

Defendant, XAVIER JONES, by his undersigned counsel, hereby moves this Honorable Court to hold an emergency hearing to pursue either an Order directing that the Northeast Ohio Correctional Center (NEOCC) take the defendant to a hospital outside the jail and permit him to remain there until he is well enough to return to general population, following the abdominal stabbing suffered by him on November 12, 2023, to avoid life-threatening complications including septic shock and death or order his immediate release and as grounds states:

1.   Mr. Jones has been indicted for a series of robberies that occurred from October to December, 2020.   Jones was arrested by State authorities and held until June 9, 2021, at which point he had his initial appearance in federal court.

2.   Because Jones was serving a sentence for a State parole violation at the time, he was detained by agreement and has been in custody since December, 2020.

3.   Despite pending a trial in this District, currently set for February 5, 2023, Jones was moved by the United States Marshals to NEOCC, approximately five hours away from Baltimore.

4.   Undersigned counsel is aware from other clients at NEOCC that stabbings of inmates occur at that institution.

5.   Jones was scheduled to appear in this Court on November 17, 2023, to be arraigned on the superseding indictment in his case filed in October, 2023.

6.   On November 12, 2023, Jones was stabbed in his cell.   His abdomen was sliced open and his intestines were exiting out of his body.   NEOCC did not advise Jones' parents of the attack; his parents learned of the attack from defense counsel, who was advised by email that Jones would not be able to attend the November 17 hearing because he had been stabbed.

7.   Mr. Jones had emergency surgery at the jail on November 12, 2023.   He has more than two dozen staples in his abdomen.   Despite the pain and limited movement that results from serious abdominal surgery, Mr. Jones was forced into four point restraints in the infirmary.   After a couple of days, but before he was even remotely healed, he was returned to his cell.

8.   Thereafter, he suffered pain and was required to be moved back again to the infirmary, then put in segregated confinement.

9.   Jones' parents have tried daily for the pas week to talk to a single medical professional at NEOCC and have been denied contact.   The only medical information from NEOCC is that Jones' wound is "superficial" which is both obviously false and appears an attempt to downplay NEOCC's improper treatment of Mr. Jones.

10.   Jones needs proper and specialized care to recover from his abdominal surgery. Moving around the various cell locations in the jail is harming him; such movement would cause harm to anyone recovering from such surgery.   Recovery from abdominal

surgery, or any surgery, is not a medical guarantee and failure to provide proper care can cause permanent damage, sepsis from an infection, and even death.   NEOCC is either unable or not willing to provide the required medical care for Mr. Jones.

11.  The failure to provide adequate medical care is a violation of Mr. Jones' Due Process rights under the Fifth and Fourteenth Amendments.   (The Eighth Amendment applies only to sentences served after trial but the right not to be subject to cruel and unreasonable treatment equally applies to pretrial detainees under the Fifth and Fourteenth Amendments.  *Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979)).

12.  Elementary Constitutional principles "establish the government's obligation to provide medical care for those whom it is punishing by incarceration."  *Estelle v. Gamble*, 429 U.S. 103 (1976).   Incarcerated inmates "must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.   In the worst cases, such a failure may actually produce physical torture or a lingering death." *Id*.   Even in "less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose."  *Id*.

13.  "The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency…"  *Id*.   Therefore,*"it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." *Id*, at 104.

14.  The Government's "responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities." W*hitley v. Albers*, 475 U.S. 312, 320 (1986).

15.  The defendant maintains that NEOCC, is incapable of caring for the medical needs of Mr. Jones.   By misrepresenting the severity of Jones' injury and moving him around to non-medical locations as if he had merely stubbed his toe establish that his continued pretrial detention is at a risk to his life. Mr. Jones has also been assaulted by NEOCC guards in retaliation for reporting his complaints about his treatment and insisting on proper care.

16.  Under these conditions, his continued detention is a violation of his Constitutional rights and therefore improper.

17.  Pretrial incarceration is intended to serve the two goals of ensuring the defendant's appearance at trial and protecting the safety of the community.   Nothing the Bail Reform Act or the Due Process Clause of the Fifth and Fourteenth Amendments permits a defendant to be detained at a threat to her life.

18.  The repeated failure to provide the necessary medical care to Mr. Jones is a violation of his basic human rights.

19.  Mr. Jones therefore respectfully requests that an emergency hearing be held to determine whether his pretrial detention is a violation of his rights and whether, in light thereof, he should be transferred to a hospital outside of NEOCC or, if not, released so that he can obtain the needed care on his own.

WHEREFORE, Defendant hereby moves this Honorable Court to hold an emergency hearing to pursue an Order directing that the Northeast Ohio Correctional Center immediately move the defendant to a hospital for examination and treatment, where he is to remain, in custody, until he is medically cleared as sufficiently healthy to return to the

jail.   The defendant agrees that due to the emergency nature of the hearing, and his

incarceration in Ohio, that the hearing be held virtually.

Respectfully submitted,

_____/s/_____

Richard Bardos
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th of November, 2023, a copy of the foregoing
Motion was served electronically by email to: Office of the United States Attorney, 36
South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

_____/s/_____

Richard Bardos