IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | Case No.   1:21-cr-00120-MJM |
| XAVIER JEFFREY JONES | * | |

******

## OPINION AND ORDER REGARDING ECF NO. 135

Defendant, Xavier Jones, was indicated by a grand jury of this Court on April 22, 2021, based on his alleged participation in a series of armed robberies.  (ECF No. 1).  Mr. Jones consented to detention at his Initial Appearance on June 9, 2021, and has remained in detention since that time.[1]  (ECF No. 18).  Mr. Jones is currently in pretrial detention in the custody of the U.S. Marshals Service ("USMS") and is being housed at the Northeastern Ohio Correctional Center ("NEOCC").  (ECF No. 135 at 1).  Mr. Jones' trial is currently scheduled to begin on February 5, 2024.  (ECF No. 126).

On November 20, 2023, Mr. Jones filed the instant Emergency Motion for Medical Treatment Due to Serious Stabbing, alleging that he was being denied proper medical care for a stabbing he suffered on November 12, 2023, with potentially life-threatening consequences, and seeking an order from this Court directing his custodians to move him to an outside hospital until medically cleared to return to NEOCC.  (ECF Nos. 135 and 135-1).  As support, Mr. Jones' motion recited that, as result of the November 12, 2023, stabbing, Mr. Jones received over two dozen surgical staples to the wound at NEOCC, that he was prematurely returned to his cell, that he eventually was returned to the infirmary and then put in segregated confinement, and that

---

[1] Mr. Jones was serving a state sentence for an unrelated parole violation at the time of his initial appearance.  (ECF No. 135 at 1).

family members were being denied information about his current condition. (ECF No. 135 at 2-3).

On November 21, 2023, the trial judge assigned to the case, U.S. District Judge Matthew Maddox, requested that the undersigned (who is the Criminal Duty Magistrate Judge for today), investigate this matter given the urgent nature of the request. Accordingly, the undersigned immediately requested an update as to Mr. Jones' medical status from the USMS personnel in this District assigned as points of contact for detainee medical care. Those personnel, who were already in contact with their counterparts at NEOCC, provided the most up-to-date medical information regarding Mr. Jones' condition.

According to medical personnel at NEOCC,[2] following the November 12, 2023, stabbing, Mr. Jones was taken to an outside hospital where he underwent abdominal surgery. On November 16, 2023, allegedly at his own insistence, he was discharged against medical advice and returned to NEOCC, only to return to the hospital on November 18, 2023, for further evaluation and testing. He returned to NEOCC but presented with continued symptoms to the NEOCC clinic. Accordingly, he returned to the outside hospital yesterday, November 21, 2023, for further evaluation and treatment. The undersigned has requested that the USMS update him with any new significant information regarding Mr. Jones' health status.

Based on the above, the undersigned contacted Mr. Jones' counsel and Government counsel yesterday evening to provide the update that Mr. Jones had returned yesterday to the outside hospital, and that any new information received would be relayed. As such, the undersigned did not plan to conduct a formal proceeding at this time, but would do so if either party requested. No such request has been received at this time.

---

[2] Out of respect for Mr. Jones' medical privacy, the Court has not offered all of the details of Mr. Jones' diagnoses and treatment during these various evaluations and encounters.

As Mr. Jones correctly points out in his motion, individuals in pretrial detention have Constitutional protections that include the provision of necessary medical care. Proving such care in a custodial environment carries its own challenges, as security concerns must be balanced with the detainee's right to medical care within the standard of care. Given the serious nature of Mr. Jones' original injury and the potential for serious and potentially life-threatening complications should such care not be provided, Mr. Jones' urgent motion is understandable, especially if medical information regarding his condition was not conveyed to his family members. Fortunately, based on the very timely response by the USMS to the undersigned's inquiries yesterday evening as outlined above, Mr. Jones was transferred to an outside hospital for evaluation and treatment, the very relief that his current motion requests. Although it is beyond the expertise of the Court to confirm that the standard of care has been complied with in all respects, the Court defers to the clinical judgment of Mr. Jones' health care providers both within and outside NEOCC absent information to the contrary.

Accordingly, Mr. Jones' current motion (ECF No. 135) is denied as moot, but without prejudice to Mr. Jones' ability to re-file should circumstances justify.

 11/22/2023
Date

J. Mark Coulson
United States Magistrate Judge

